UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CORA WIGGINS                    *        CIVIL ACTION NO.  14-0002

VERSUS                          *        JUDGE ROBERT G. JAMES

COAST PROFESSIONAL, INC.        *        MAG. JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 4] filed by

defendant Coast Professional, Inc.  For reasons explained below, it is recommended that the

motion be DENIED.

Background

On January 2, 2014, plaintiff Cora Wiggins filed the instant action under the Family and

Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq* against her former employer Coast

Professional, Inc. ("Coast").  She alleges that Coast interfered with her substantive rights under

the FMLA, and subsequently discharged her in retaliation for exercising FMLA leave.  Wiggins

seeks damages for past and future lost salary and benefits, liquidated damages equal to her

compensatory damages, attorney fees, costs, fees, and interest.

On March 3, 2014, Coast filed the instant motion to dismiss for failure to state a claim

upon which relief can be granted.  Coast seeks dismissal of plaintiff's FMLA claims because,

prior to discharge, she received all FMLA leave to which she was entitled, and as a result,

suffered no cognizable harm.  Coast also petitions the court to dismiss all claims stemming from

facts that occurred more than two years before plaintiff filed suit.

Plaintiff filed her opposition to the motion to dismiss on March 24, 2014.  Coast filed its

reply memorandum on April 1, 2014.  The matter is now before the court.

## DISCUSSION

**I.      12(b)(6) Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed.R.Civ.P. 8(a)(2).   In the context of employment discrimination claims, "the ordinary rules for assessing the sufficiency of a complaint apply," and a plaintiff need not establish a prima facie case of employment discrimination in her complaint.  *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 997 (2002).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between.  *See Iqbal, supra*.  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.  Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might

otherwise be well-pleaded.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision."  *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5ᵗʰ Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted).  Under the Federal Rules of Civil Procedure, "a complaint need not pin plaintiff's claim for relief to a precise legal theory.  Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."  *Skinner v. Switzer*, ___ U. S. ____, 131 S. Ct. 1289, 1296 (2011).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5ᵗʰ Cir. 2008) (citation omitted).  However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Id*.

## II.    Plaintiff's Complaint States a Claim for Relief under the FMLA

"The Family and Medical Leave Act of 1993 allows eligible employees working for covered employers to take temporary leave for medical reasons, for the birth or adoption of a child, and for the care of a spouse, child, or parent who has a serious health condition, without the risk of losing employment."  *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001) (citing 29 U.S.C. § 2601(b)(1) and (2)).  There are two separate provisions set forth in the FMLA, one prescriptive and one proscriptive.  *Id.* at 763.  The prescriptive provision gives employees certain entitlements and forbids employers from interfering with those entitlements.  *Bocalbos v. Nat'l Western Life Ins.*, 162 F.3d 379, 383 (5ᵗʰ Cir. 1998).  The proscriptive provision of the FMLA prohibits an employer from penalizing an employee for exercising her rights under

3

the FMLA.  *Hunt*, 277 F.3d at 763.

In the case *sub judice*, Wiggins maintains that Coast violated both her prescriptive and proscriptive FMLA rights, i.e. that Coast interfered with her entitlement to FMLA leave and terminated her in retaliation for utilizing FMLA leave.  Specifically, Wiggins alleges that on December 21, 2011, her four year old son was hospitalized for seizures.  (Compl., ¶ 10).  Although Wiggins notified Coast of the situation and her need to attend to her son, Coast never informed her of her FMLA rights.  *Id*., ¶¶ 10-11.  Moreover, after Wiggins returned to work, Coast not only failed to provide her with any FMLA paperwork, it instead, gave her an "occurrence" for the days that she was absent.  *Id*., ¶ 13.

In July 2012, another one of plaintiff's sons began experiencing abdominal pain and cramps which required visits to the doctor.  *Id*., ¶ 15.

On August 19, 2012, Wiggins went to the hospital for complaints of shortness of breath and chest pains.  *Id*., ¶ 14.  She was admitted to the ICU observation floor where she remained for one week.  *Id*.  After she returned to work, Coast again did not provide her with any FMLA paperwork, and again issued her an "occurrence" for missing work.  *Id*.

In November 2012, plaintiff's son's symptoms continued to worsen.  *Id*., ¶ 16.  Consequently, she took him to several different healthcare providers in an attempt to diagnose and treat his condition – all to no avail.  *Id*.  Wiggins ended up missing work on November 5 and 11, 2012, and received write-ups or "occurrences," as a result.  *Id*.

Wiggins alleges that Coast did not offer her FMLA leave until after a new human resources employee asked her why she had not been offered FMLA leave to take care of her son.  *Id*., ¶ 19.  Thereafter, Wiggins received FMLA paperwork that she had her son's doctor complete.  *Id*., ¶ 21.  Coast required Wiggins to re-certify doctor's excuses each time someone

4

became ill.  *Id*., ¶ 22.  In addition, Coast required Wiggins to call in every day that she was out on FMLA leave.  *Id*.

Meanwhile, Wiggins' now five-year old son became ill and was hospitalized for tonsilitis and high fever.  *Id*., ¶ 24.  Wiggins also learned that her son had Bradycardia and LQT syndrome, which required treatment by a pediatric cardiologist.  *Id*.  On July 29, 2013, Wiggins' son underwent surgery to remove his tonsils and adenoids.  *Id*., ¶ 26.

On August 2, 2013, Wiggins' other son underwent surgery to remove his gallbladder.  *Id*., ¶ 27.

During the first week of August, Coast advised Wiggins that she would exhaust her FMLA leave on August 6, 2013, and therefore, needed to return to work or risk losing her job, notwithstanding her family's ongoing medical issues.  *Id*., ¶ 28.

On August 5, 2013, Wiggins called Coast and requested a leave of absence because both of her young sons were in the hospital.  *Id.*, ¶ 29.  Coast denied the request.  *Id*.  On August 15, 2013, Coast terminated plaintiff's employment because of excessive absence write-ups.  *Id*., ¶ 30.

Plaintiffs' sons were discharged from care by August 22, 2013.  *Id*., ¶¶ 31-32.  Because of stress, Wiggins was hospitalized from August 22 until September 5, 2013.  *Id*., ¶ 33.

A.    FMLA Interference

Among its various entitlements, the FMLA accords an eligible employee the right to twelve weeks of unpaid leave within a twelve-month period to care for a close family member who has a "serious health condition."  29 U.S.C. § 2612(a)(1)(C).  "After a qualifying absence, the employer must restore the employee to the same position or a position comparable to that held by the employee before the leave."  *Boudreaux v. Rice Palace, Inc.*, 491 F. Supp.2d 625,

5

639 (W.D. La. 2007) (citing 29 U.S.C. § 2614(a)(1)).  "An employer may not 'interfere with,

restrain, or deny the exercise of . . . any right provided under' the FMLA."  *Id.* (citing 29 U.S.C.

§ 2615(a)(2)); *Chaffin v. John H. Carter Co., Inc.* 179 F.3d 316, 319 (5th Cir.1999)).  The term

"interference" is not defined in the FMLA; however, a regulation promulgated by the Department

of Labor states that "[i]interfering with the exercise of an employee's rights would include, for

example, not only refusing to authorize FMLA leave, but discouraging an employee from using

such leave."  29 C.F.R. § 825.220.  Also, an employer's failure to comply with the notice

requirements mandated by the FMLA, and its associated regulations, may constitute an

interference with, restraint, or denial of an employee's FMLA rights.  29 C.F.R. § 825.300(e).[1]

Coast contends that plaintiff's complaint does not state a claim for FMLA interference

because plaintiff received all 12 weeks of FMLA leave to which she was entitled; thus, she was

not prejudiced by any alleged FMLA notice or certification requirements.  Indeed, the FMLA

provides that an employer is liable to an employee

> for damages equal to . . . any wages, salary, employment benefits, or other
> compensation denied or lost to such employee *by reason of the violation*; or . . .
> .any actual monetary losses sustained by the employee *as a direct result of the
> violation* . . . and for such equitable relief as may be appropriate, including
> employment, reinstatement, and promotion.

29 U.S.C. § 2617(a)(1)(A)-(B) (emphasis added).

Accordingly, to determine whether damages and equitable relief are appropriate under the

---

[1]  The FMLA requires that employers "keep posted, in conspicuous places . . . a notice . . .
setting forth excerpts from, or summaries of, the pertinent provisions of [the FMLA] and
information pertaining to the filing of a charge."  29 U.S.C. § 2619; *see also* 29 C.F.R. §
825.300.  Pursuant to the Secretary of Labor's rule-making authority:  "[w]hen an employee
requests FMLA leave, or when the employer acquires knowledge that an employee's leave may
be for an FMLA–qualifying reason, the employer must notify the employee of the employee's
eligibility to take FMLA leave within five business days, absent extenuating circumstances."  29
C.F.R. § 825.300(b).

FMLA, the trier of fact must ask what different steps the employee would have taken had the employer not violated FMLA's technical requirements. *See Downey v. Strain*, 510 F.3d 534, 539 (5th Cir. 2007). Further, "FMLA's remedial scheme requires an employee to prove prejudice as a result of the employer's lapse; the employee may not expand the statute's coverage as a penalty for an employer's technical compliance shortcoming." *Lubke v. City Of Arlington*, 455 F.3d 489, 497 (5th Cir. 2006). "If an employee has received her entitlements under the FMLA, she does not have an FMLA claim regardless of the quality of notice that she received." *Hunt*, 277 F.3d at 768.

Applying the foregoing principles here, the court observes that plaintiff concedes that *after* Coast granted her FMLA leave, she received her entire 12 weeks under the Act prior to discharge. (Opp. Memo., pg. 2). If the allegations in her complaint were limited to absences taken *after* she was granted FMLA leave, then she clearly would not have suffered any cognizable harm from Coast's alleged interference with her FMLA rights. However, Wiggins further alleges that Coast discharged her because of "excessive absence write ups." (Compl., ¶ 30). Moreover, she contends that she received "occurrences" and write-ups in 2012 *before* Coast's new human resources employee advised her of her FMLA rights. In other words, plaintiff's complaint alleges that she was discharged, at least in part, because of Coast's failure to provide her with FMLA notice and leave in 2012. Accordingly, plaintiff's complaint states a plausible claim for interference with FMLA rights.

B.      FMLA Retaliation

Coast contends that the *McDonnell Douglas* burden-shifting framework is applicable to her FMLA retaliation claim. (M/Dismiss, Memo., pg. 5). That may be so, but "an employment discrimination plaintiff need not plead a prima facie case of discrimination" to survive a Rule

12(b)(6) motion.  *Swierkiewicz*, 534 U.S. at 515; *see also Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).  As the Supreme Court explained, the *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement."  *Id.* at 510.[2]  In any event, however, plaintiff's complaint alleges a prima facie case of FMLA retaliation, which requires a showing that (1) the employee was protected under the FMLA; (2) the employee suffered an adverse employment decision; and (3) the employee was either treated less favorably than an employee who had not requested leave or the employer made the adverse employment decision because the employee took FMLA leave.  *Hunt*, 277 F.3d at 768.

Citing *Hunt v. Rapides Healthcare System*, Coast argues that because Wiggins did not attempt to return to work on or before expiration of her FMLA leave, she is not entitled to reinstatement to her former position.  (M/Dismiss, Memo., pgs. 6-7; Reply Memo., pgs. 6-7).  In *Hunt*, however, the Fifth Circuit took issue with the district court's finding that the plaintiff failed to satisfy the first element of her prima facie case because she had exceeded her twelve weeks of FMLA leave before attempting to return work.  *Hunt*, 277 F.3d at 768.  In so doing, the court remarked that "[t]he FMLA's protection against retaliation is not limited to periods in which an employee is on FMLA leave, but encompasses the employer's conduct both during and after the employee's FMLA leave."  *Hunt*, 277 F.3d at 768-69; *but see Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 580 (5th Cir. 2006) (plaintiff must show that he sought to return to work before expiration of FMLA leave).[3]  Accordingly, merely because Wiggins may

---

[2]  Furthermore, *Twombly* did not overrule *Swierkiewicz*.  *See Twombly*, 550 U.S. at 569-70.

[3]  To the extent that *Hunt* and *Mauder* remain in tension, and in the absence of any intervening decision by the Supreme Court or change in the law, this court must give effect to the earlier decision.  *See Ryals v. Estelle*, 661 F.2d 904, 906 (5th Cir. 1981) (a later panel of the Fifth Circuit cannot overrule an earlier panel's decision).

8

have used all of her 2013 FMLA leave before her discharge does not preclude her retaliation claim.

Returning to the elements of plaintiff's prima facie case, the court observes that Wiggins' complaint otherwise contains sufficient allegations that she was protected under the FMLA.  *See* Compl. ¶¶ 4-9.  In addition, she clearly suffered an adverse employment action – discharge. Moreover, the temporal proximity between her FMLA leave and the adverse employment action suffices to establish the requisite causal link:  "[w]hen evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the 'temporal proximity' between the [FMLA-protected activity] and the termination."  *Mauder*, 446 F.3d at 583 (citation omitted).  The Fifth Circuit has held that "[c]lose timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a *prima facie* case of retaliation."  *Swanson v. Gen. Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997) (citation omitted).

Here, Coast discharged Wiggins only nine days after having advised her that her FMLA leave would expire, and apparently while she still was caring for her ill sons.  The Fifth Circuit has held that a time period of five days between the employee's protected activity and her termination was sufficient on its own to establish the causal connection element of plaintiff's prima facie retaliation claim.  *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (a Title VII claim).  Furthermore, a fifteen-day lapse and a two-and-one-half month lapse may create an inference of a causal connection.  *See Ware v. CLECO Power LLC*, 90 Fed. Appx. 705, 708 (5th Cir. 2004);  *Richard v. Cingular Wireless LLC*, 233 Fed. Appx. 334, 338 (5th Cir. 2007).

At this point, if the *McDonnell Douglas* burden shifting framework were applicable, it

would devolve upon Coast to articulate a legitimate, non-discriminatory reason for Wiggins'

discharge.  Of course, an employee's failure to return to work following FMLA leave may

constitute such an explanation.  *Paris v. Sanderson Farms, Inc.*, 542 F. App'x 370, 374 (5th Cir.

2013) (unpubl.) (citation omitted).  Although unnecessary at this stage, *see Swierkiewicz, supra*,

plaintiff's allegations that Coast 1) did not provide her with requisite FMLA notice in 2012, and

2) imposed onerous leave certification requirements, suffice to demonstrate that Coast's

proffered rationale was mere pretext for unlawful retaliation.

C.      Timeliness of Events from December 2011

        In its final argument, Coast contends that plaintiff's allegations concerning events that

occurred in December 2011 are time-barred because they transpired more than two years before

she filed the instant suit.  As noted by Coast, the FMLA's private right of action generally is

subject to a two year limitations period.  *See* 29 U.S.C. § 2917(c)(1).  For willful FMLA

violations, however, the statute of limitations is three years.  *Henson v. Bell Helicopter Textron,*

*Inc.*, 128 F. App'x 387, 392-93 (5th Cir. 2005) (unpubl.) (citing 29 U.S.C. § 2617(c)(2)).  "To

establish a willful violation of the FMLA, a plaintiff must show that h[er] employer either knew

or showed reckless disregard for the matter of whether its conduct was prohibited by statute."  *Id.*

(citation and internal quotation marks omitted).

        Wiggins alleges that she advised Coast on December 21, 2011, that her son had been

hospitalized for seizures.  (Compl., ¶ 10).  Nonetheless, Coast did not provide her with notice of

her FMLA rights.  *Id.*, ¶¶ 11-13.  Instead, Coast issued Wiggins an "occurrence" for the work

days that she missed.  *Id.*  These allegations plausibly show that Coast remained willfully

indifferent to its obligations under the FMLA.

**Conclusion**

10

For the foregoing reasons, the court finds that plaintiff's complaint states a plausible claim for relief, sufficient to afford defendant fair notice of the claims against it, together with the reasonable expectation that discovery will reveal relevant evidence of each of the elements of the claims.  Accordingly,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 4] filed by defendant Coast Professional, Inc. be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of April 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE