UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CORA WIGGINS | CIVIL ACTION NO. 14-0002 |
| VERSUS | JUDGE ROBERT G. JAMES |
| COAST PROFESSIONAL, INC. | MAG. JUDGE KAREN L. HAYES |

### RULING

This is an employment discrimination and retaliation action brought by Plaintiff Cora Wiggins ("Wiggins") against her former employer, Coast Professional, Inc. ("Coast"), pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 ("FMLA"). On February 18, 2015, the Court issued a Ruling and Judgment [Doc. Nos. 34 & 35] dismissing Wiggins' claims against Coast. The Court also construed Wiggins' motion to reserve a wage claim [Doc. No. 29] as a motion to amend her Complaint and denied the motion because of the futility of amendment.

In its memorandum in support of the Motion for Summary Judgment [Doc. No. 22], Coast had requested attorneys' fees and costs. However, the Court deferred ruling on this request, stating that the Court would consider a motion for attorneys' fees and/or bill of costs filed separately.

On March 4, 2015, Coast filed the instant Motion for Attorneys' Fees and Expenses Pursuant to Fed. R. Civ. P. 54(d)(2) ("Motion for Attorneys' Fees") [Doc. No. 36]. Wiggins filed a memorandum in opposition to the Motion for Attorneys' Fees [Doc. No. 39].[1] Coast filed a reply memorandum [Doc. No. 41].

For the following reasons, Coast's Motion for Attorneys' Fees is DENIED.

---

[1] Coast also filed a Bill of Costs [Doc. No. 38]. Wiggins did not file an opposition to the Bill of Costs, although she did oppose Coast's request for expenses in her opposition to the Motion for Attorneys' Fees. On April 7, 2015, the Clerk of Court taxed costs against Wiggins. [Doc. No. 40]. That award has not been appealed and, thus, stands.

I.  **LAW AND ANALYSIS**

Wiggins' claims were brought pursuant to the FMLA. Unlike the ADA and Title VII, the FMLA does not permit a prevailing defendant to recover attorney's fees and costs. *See generally Temple v. American Airlines, Inc.,* 48 Fed. App'x. 480 (5th Cir. 2002); *compare* 42 U.S.C. § 12205 (ADA permits "the prevailing **party**, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ") (emphasis added); and *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.); with 29 U.S.C. § 2617(a)(3) ("The court . . . shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."). Typically, Coast would not be able to recover attorney's fees and expenses, but only those costs permitted under Federal Rule of Civil Procedure 54(d).

However, Coast argues that the facts in this case warrant an award of attorneys' fees and expenses pursuant to 28 U.S.C. § 1927 and the Court's inherent authority as a sanction against Wiggins and her counsel.

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." As such, "[a]n award of attorney's fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). A mere "lack of merit" is not sufficient to justify an award of attorneys' fees

2

under § 1927. *Ayala v. Enerco Group, Inc.*, 569 Fed. App'x. 241, 251 (5th Cir. 2014). Instead, the Court should impose § 1927 sanctions only where counsel has exhibited "a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened." *Lawyers Title Ins.*, 739 F.3d at 872; *Avayla*, 569 Fed. App'x at 251 (quoting same).

Additionally, the Court has the inherent equitable power to sanction a party who has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974).

In this case, Coast contends that Wiggins knowingly advocated false claims to the Court in support of her FMLA lawsuit. On November 14, 2014, almost one year after she filed suit, Wiggins admitted that she did not believe that Coast retaliated against her or that she suffered any damage because of Coast's alleged interference with her FMLA leave prior to 2013. Coast then notes that it followed up with a letter to Wiggins' counsel on November 19, 2014, threatening sanctions if Wiggins did not withdraw her claims, but received no response. Coast then details a telephone conference and another letter to Wiggins' counsel in December, 2014, again requesting dismissal of Wiggins' claims.

On December 19, 2014, Coast filed a Motion for Summary Judgment seeking dismissal of Wiggins' claims. In her opposition, Wiggins conceded she did not have a viable argument to support her retaliatory discharge claim after her deposition testimony and evidence were received. Wiggins opposed summary judgment on her interference claim, though. Once briefing was complete and after consideration of the record, on February 18, 2015, the Court granted the Motion for Summary Judgment and dismissed Wiggins' claims.

Coast asserts that, at the time the Court granted summary judgment, it was in the process of preparing a motion for Rule 11 sanctions, which was negated by the Court's decision. Coast contends that Wiggins' and her counsel's actions caused it to incur unnecessary attorneys' fees and expenses for which they should both be held accountable.

Wiggins disagrees. In her opposition memorandum, she explains that she sought legal counsel after her termination because she sincerely believed that her rights were violated. She explained to her counsel that her two children required hospitalization, and Coast did not inform her of her FMLA rights at the time. She later required medical treatment because of her stress over balancing her work against caring for her children. She believed that she had been terminated for exercising those rights. Her two attorneys conducted FMLA research and also believed there was a reasonable basis for her claim.

Once the Complaint was filed, Wiggins points out that she survived Coast's Motion to Dismiss, which was reviewed by Magistrate Judge Hayes and this Court. Once she was deposed, Wiggins argues that "certain facts were brought to light," **and** Coast produced internal documents which made clear that she could not continue with her retaliation claim. [Doc. No. 39, p. 3]. As a result, Wiggins did not oppose summary judgment on this claim, explaining that, while she sincerely believed that Coast was motivated to terminate her because of her FMLA leave, she had "no way to prove" her belief. [Doc. No. 29, pp. 1-2].

Given its review of Coast's Motion to Dismiss and its Motion for Summary Judgment, the Court is fully aware of the facts in this case. Having fully considered the entire record in this matter, the Court finds that an award of sanctions under § 1927 and/or its inherent power would not be an appropriate exercise of its discretion. It is not an uncommon occurrence for a plaintiff to present her

case to an attorney with a sincerely held that she has somehow been wronged. The Court anticipates that an attorney would do as Wiggins' counsel did in this case–research the law and, based on the facts alleged, evaluate whether there is a reasonable basis to support her claims. As Wiggins points out, it was not just her questioning during her deposition that led her to concede her retaliatory discharge claim, but the documents produced by Coast for her counsel's review. Further, once the deposition was taken and documents produced, Wiggins did concede that claim in her opposition to the Motion for Summary Judgment.

Moreover, if Coast believed, as it obviously does, that Wiggins' claims were so clearly frivolous, it could have sent out a Rule 11-compliant letter to counsel immediately after the deposition, and, after the 21-day safe harbor passed, Coast could have filed a Rule 11 motion. The fact that it chose not to draft the Rule 11 motion until three months later does not entitle it to sanctions now.

While the Court understands Coast's frustration with the litigation process, the facts in this case are not so significantly different from many other employment discrimination cases which have been resolved on summary judgment as to lead the Court to the conclusion that Wiggins and her counsel acted in bad faith and vexatiously. Accordingly, Coast's Motion for Attorneys' Fees is DENIED.

## II. CONCLUSION

For the foregoing reasons, Coast's Motion for Attorney's Fees [Doc. No. 36] is DENIED.

MONROE, LOUISIANA, this 28th day of April, 2015.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE